United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10292
c/w No. 05-10573
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS HARRIS,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-347-ALL-H
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Marcus Harris was sentenced to a 24-month term of imprisonment following the revocation of a term of supervised release imposed as part of a 1997 sentence for bank fraud. Harris timely moved for a reduction or correction of sentence pursuant to FED. R. CRIM. P. 35(a) on the basis that the applicable advisory Sentencing Guidelines range was 12-to-18 months, rather than the 24-to-30 months cited by the district court at sentencing. The district court denied the Rule 35(a)

--------

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion, citing specific reasons for its selection of a 24-month sentence.  Harris appealed both the initial revocation sentence and the district court's denial of Rule 35(a) relief.

Long after briefing was completed in this case, counsel moved to withdraw and Harris moved to proceed pro se on appeal based on Harris's desire to raise additional arguments not addressed in counsel's briefs.  Harris's assertion of his right of self-representation is untimely.  See United States v. Wagner, 158 F.3d 901, 902 (5th Cir. 1998).  Consequently, counsel's motion to withdraw, Harris's motion to appeal pro se, and Harris's motion to file a supplemental appellate brief are denied.

Harris has abandoned his appeal of the denial of his Rule 35(a) motion by failing to brief the issue.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Harris argues that the district court plainly erred by not specifically addressing the 18 U.S.C. § 3553(a) factors during the sentencing hearing and that his sentence is plain error because it was based on incorrectly calculated advisory guidelines.

To establish reversible plain error, Harris must identify a clear or obvious error that affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993).  Even if Harris establishes these factors, we retain the discretion whether to correct the error and will generally do so only if the error "affects the fairness, integrity, or public reputation of

judicial proceedings." United States v. Castillo, 386 F.3d 632, 636 (5th Cir.), cert. denied, 543 U.S. 1029 (2004).

The Government concedes that Harris's sentence is the result of a misapplication of the Sentencing Guidelines, but it contends that the error did not affect his substantial rights. Harris's revocation sentence was within the three-year statutory maximum sentence authorized upon revocation. See 18 U.S.C. §§ 1344, 3559(a)(2), 3583(e)(3). The district court's stated reasons for denying Harris's Rule 35(a) motion make it clear that the court would not have imposed a lesser sentence but for the Guidelines miscalculation.

Therefore, Harris has failed to demonstrate that his revocation sentence constitutes reversible plain error. Moreover, because the 24-month sentence is within the statutory maximum, it was not unreasonable. United States v. Boykin, No. 05-50704, 2006 WL 616031 at *1 (5th Cir.), cert. denied, 127 S. Ct. 153 (U.S. Oct. 02, 2006) (unpublished).

Counsel's arguments concerning Harris's original 1997 sentence are irrelevant to the instant appeal and are therefore not addressed.

AFFIRMED. MOTIONS DENIED.