IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 06-10772
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NICOLAS GONZALEZ

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CR-142-ALL

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Nicolas Gonzalez appeals the 30-month term of imprisonment imposed by the district court following the revocation of his supervised release. He correctly asserts that his advisory sentencing range under U.S.S.G. § 7B1.4(a), p.s., was 12-18 months of imprisonment, not the 24-30 months of imprisonment cited by the district court. He argues that the sentence was both plainly erroneous and procedurally unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Gonzalez raises his challenge to his sentence for the first time in this appeal, our review is for plain error. See United States v. Jones, 484 F.3d 783, 792 (5th Cir. 2007). The sentence will be upheld unless there is error, that is plain and that affects both Gonzalez's substantial rights and the integrity of the proceedings. Id.

Gonzalez argues that because the district court selected from an incorrect advisory sentencing range and his sentence lies outside the correct range, "the substantial rights prong of the plain error test is met." Gonzalez cites no authority supporting his assertion that prejudice may be presumed in his case, and this court's prior plain-error revocation cases hold otherwise. See United States v. Boykin, No. 05-50704, 2006 WL 616031 at *1 & n.3 (5th Cir. Mar. 13, 2006) (unpublished), cert. denied, 127 S. Ct. 153 (2006); United States v. Mitchell, 212 F. App'x 319 (5th Cir. 2007) and United States v. Harris, 230 F. App'x 401 (5th Cir. 2007).

Gonzalez's argument that the district court's sentence selection demonstrates an affect on his substantial rights also fails. Although the district court did not offer any explanation as to why it selected a 30-month sentence, the court believed that such was the highest term available under the advisory scheme. Further, as noted by the Government, 18 months of the 30-month sentence are to be served concurrently to the 210-month term already imposed and the resulting 12-month term that Gonzalez must serve consecutively is the minimum sentence under correct advisory Guidelines. Because Gonzalez has not made the showing required to demonstrate an affect on his substantial rights, we need not examine whether the court's error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. See United States v. Olano, 507 U.S. 725, 734 (1993).

AFFIRMED.