# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 8, 2010

No. 08-11175

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOHN PAUL JIMENEZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-027-ALL

Before GARWOOD, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant John Paul Jimenez appeals the 36-month sentence he received following revocation of his supervised release. He contends that the district court miscalculated his sentence because it erroneously determined his guideline range to be 12 to 18 months rather than 6 to 12 months.

## I. Facts and Proceedings

Jimenez pleaded guilty to possession of 178 kilograms of marijuana with intent to distribute in 2002 and was sentenced to 50 months in prison and four

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

years of supervised release. While under supervised release, Jimenez admitted to his probation officer that he had used cocaine in March 2007, and the government moved to revoke his release and secured a warrant for his arrest.[1] Jimenez absconded from supervision and was arrested 18 months later, in October 2008.

In the Violation Report, the probation officer stated that Jimenez had committed a Grade C violation and calculated his criminal history category ("CHC") as IV. The Report incorrectly noted, however, that the imprisonment range for Grade C, CHC IV under United States Sentencing Guidelines ("USSG") § 7B1.4(a) is 12 to 18 months rather than the correct range of 6 to 12 months. After determining that Jimenez had committed a Grade C violation and that he had a CHC of IV, the district court sentenced Jimenez to 36 months in prison, justifying the sentence by noting that Jimenez had absconded from supervision for 18 months and that the sentence would afford Jimenez an opportunity to participate in a drug treatment program. Jimenez timely appealed.

## II. Analysis

Jimenez contends that the 36 month sentence is plainly unreasonable because the district court was required to consider the correct guideline range. He argues that, even though the court departed upward, there is a reasonable probability that he would have received a lesser sentence if the court had considered the correct sentencing range. The government responds that Jimenez could have been found to have committed a Grade B violation (the guideline range for which is 12 to 18 months), but that, in any event, Jimenez cannot

---

[1] Jimenez had previously violated the terms of his release in 2006 by testing positive to cocaine; rather than revoking his release, the district court required him to reside in a community correction facility for 180 days and referred him to a drug treatment program. In December 2006, he was released from the program.

prove that his sentence is unreasonable.

As Jimenez did not bring to the district court's attention the asserted error in the calculation of his term of imprisonment, we review his claim for plain error.[2] To establish plain error, the defendant must show (1) an error (2) that is plain, (3) that affects his substantial rights, and that (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.[3] To show that an error affected his substantial rights, the defendant must show "a reasonable probability" that but for the error he would have received a different sentence.[4] A district court may impose any sentence on revocation of supervision that falls within the statutory maximum term allowed for the revocation sentence,[5] but must do so in light of the factors enumerated in 18 U.S.C. § 3553(a) and the policy statements of Chapter 7 of the USSG.[6]

Even assuming that the district court erroneously determined the guideline range for Jimenez's term of imprisonment to be 12 to 18 months instead of 6 to 12 months, Jimenez cannot show that his substantial rights have been affected. Jimenez's original conviction for possession with intent to distribute marijuana carried a statutory maximum term of imprisonment of 40 years.[7] This offense is therefore a Class B felony,[8] and the maximum term of

---

[2] *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

[3] *United States v. Olano*, 507 U.S. 725, 732-37 (1993).

[4] *United States v. Garza-Lopez*, 410 F.3d 268, 275 (5th Cir. 2005).

[5] *See* 18 U.S.C. § 3583(e)(3).

[6] *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994).

[7] 21 U.S.C. § 841(b)(1)(B)(vii).

[8] 18 U.S.C. § 3559(a)(2).

imprisonment on revocation of supervised release is 36 months.[9]  By itself, the district court's erroneous selection of the incorrect guideline range is not enough to demonstrate that the "substantial rights" prong of the plain error test is satisfied.[10]  Although the 36 month prison term imposed by the district court exceeded both the 6 to 12 month and 12 to18 month guideline ranges, the district court supported its upward departure from the guidelines by noting Jimenez's absconding from justice for 18 months and the drug treatment opportunity that a 36 month term would afford.  Jimenez has failed to demonstrate that there is a "reasonable probability" he would have received a different term of imprisonment but for the guideline calculation error.

AFFIRMED.

---

[9] 18 U.S.C. § 3583(e)(3).

[10] *See, e.g.*, *United States v. Gonzalez*, 253 Fed. App'x 387, 388 (5th Cir. 2007) (collecting cases).