**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-41028
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TRACY JOSEPH WAGNER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas

October 26, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

Counsel for Tracy Joseph Wagner filed a brief pursuant to
*Anders v. California*, 386 U.S. 738 (1967).  Counsel now asks that
he be allowed to withdraw.  Wagner similarly requests that counsel
be allowed to withdraw so that he can proceed pro se on appeal.
Wagner further requests that counsel's *Anders* brief be stricken.

In *Anders v. California*, 386 U.S. 738 (1967), the Supreme
Court held that after a conscientious examination of the record, if

appointed counsel finds a criminal defendant's case to be wholly frivolous, he or she should so advise the court and request permission to withdraw. This request must be accompanied by a brief referring to anything in the record that might arguably support the appeal. 386 U.S. at 744. The court further required that a copy of the brief be furnished to the defendant so as to allow him an opportunity to raise any issues he so chooses. *Id*. The *Anders* decision reconciled the conflicting interests of indigent appellants in zealous representation and the judicial system in the efficient administration of justice.

*Anders* and its progeny discuss the adequacy of the brief which the appointed counsel must file in support of the motion to withdraw. Very little discussion exists, however, about the role of the courts in reviewing *Anders* briefs and requests for withdrawal of counsel. *See, e.g., United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996) (noting dearth of case law and holding that "if the brief explains the nature of the case and fully and intelligently discusses the issues that the type of case might be expected to involve, we shall not conduct an independent top-to-bottom review of the record in the district court to determine whether a more resourceful or ingenious lawyer might have found additional issues that may not be frivolous.").

This case presents a recurring issue: once appointed counsel has filed an *Anders* brief, should the indigent defendant be allowed

2

to reject his attorney, have the *Anders* brief stricken, and proceed with his appeal pro se?  Our circuit as well as others have routinely allowed indigent defendants to proceed pro se after an *Anders* brief has been filed and appointed counsel has been allowed to withdraw.  *See, e.g., United States v. Stuttley*, 103 F.3d 684 (8th Cir. 1996), *cert. denied*, 118 S. Ct. 83 (1997); *United States v. Henderson*, 72 F.3d 463 (5th Cir. 1995); *United States v. Koff*, 43 F.3d 417 (9th Cir. 1994); *United States v. Balzano*, 916 F.2d 1273 (7th Cir. 1990).  Underlying this practice is the recognition that a criminal defendant has a constitutional and a statutory right to represent himself on appeal.  *See* 28 U.S.C. § 1654; *Myers v. Collins*, 8 F.3d 249, 252 (5th Cir. 1993).  Although the right undoubtedly exists, we are compelled to examine closely when that right must be exercised on appeal and the appropriate standard to apply in order to further the principles of *Anders*.

By analogy we look to the right of a defendant to proceed pro se during a criminal trial.  We have noted that although a defendant does indeed have the right to defend himself without counsel at his trial, once the trial begins, the right to defend ceases to be absolute.  *See, e.g., Moreno v. Estelle*, 717 F.2d 171 (5th Cir. 1983).  Thus a defendant cannot wait until the eve of trial to exercise his right to proceed pro se for courts are wary of last minute requests which "impede the prompt and efficient administration of justice."  *McQueen v. Blackburn*, 755 F.2d 1174,

3

1178 (5th Cir. 1985).

Just as the right to proceed pro se at trial is not absolute if invoked too late, so too is the right to proceed pro se on appeal not absolute. Much time, preparation, and careful consideration goes into the filing of an *Anders* brief. Indeed, if done correctly, *Anders* briefs are more difficult and time-consuming than ordinary appellate briefs. To allow criminal defendants to file a request to proceed pro se on appeal only after an *Anders* brief has been filed would "open the door to abuse of this valuable sixth amendment right by allowing it to be used `to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.'" *McQueen*, 755 F.2d at 1178 (quoting *Bowman v. United States*, 409 F.2d 225, 226 (5th Cir. 1969)).

Once an *Anders* brief has been filed, the appellate court will conduct the familiar inquiry as to whether there are no nonfrivolous issues for appeal. *Penson v. Ohio*, 488 U.S. 75 (1988). The court will consider the arguments made by appointed counsel in the *Anders* brief along with any issues raised by the defendant. *Anders*, 386 U.S. at 744. We have done so and determine that in this case there are no nonfrivolous issues for appeal.

We are now faced with the second inquiry, whether Wagner should nonetheless be allowed to proceed pro se on appeal. We conclude that he should not. Had Wagner asserted his right to represent himself prior to the filing of the *Anders* brief, he would

4

have been allowed to file his own brief on appeal.  *See* 28 U.S.C. § 1654; *Myers v. Collins*, 8 F.3d 249, 252 (5th Cir. 1993).  Because he waited until after the *Anders* brief was filed to inform the court that he wished to proceed pro se, Wagner's request is too late.

For the foregoing reasons, Wagner and his counsel's motion to withdraw is GRANTED.  Wagner's request that the *Anders* brief be stricken is DENIED.  Wagner's motion to proceed pro se on appeal is DENIED.  As there are no meritorious issues for appeal, the appeal is DISMISSED.

MOTIONS TO WITHDRAW GRANTED.  MOTION TO PROCEED PRO SE DENIED. APPEAL DISMISSED.