United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40700
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CHARLES ANTHONY FANTOZZI

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:01-CR-135-1
---------------------

Before KING, Chief Judge, and DAVIS and STEWART, Circuit Judges.

PER CURIAM:[*]

Charles Anthony Fantozzi entered a guilty plea pursuant to a written plea agreement to a charge of possession with intent to distribute approximately 365 kilograms of marijuana. The district court found under U.S.S.G. § 4B1.1 that Fantozzi was a career offender but granted a motion for a downward departure and sentenced Fantozzi to 150 months of imprisonment and five years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Fantozzi requests the substitution of appointed counsel and an extension of time, or alternatively, for an extension of time so that he may proceed pro se on appeal. Fantozzi has not made the showing required for the court to substitute appointed counsel. See Fifth Circuit Plan under the CJA, § 5(B). Fantozzi did not timely inform the court that he wished to exercise his right to represent himself on direct appeal. See United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998); see also Martinez v. Court of Appeal of California, 528 U.S. 152, 163 (2000) (explaining that there is no constitutional right to proceed pro se on appeal). Accordingly, the motion is DENIED.

For the first time on appeal, Fantozzi challenges his sentence based on Blakely v. Washington, 124 S. Ct. 2531 (2004). Fantozzi contends that the existence of prior convictions is a finding that is not meaningfully distinguishable from any other finding that is used to increase a sentence, and he argues that sentencing enhancements imposed for prior convictions must be authorized by a jury verdict or a defendant's admission. Although Fantozzi concedes that Almendarez Torres v. United States, 523 U.S. 224 (1997), has not been overruled, he asserts that Almendarez-Torres was erroneously decided and that its viability has been undermined by recent decisions.

Because Fantozzi did not raise this issue in the district court, our review is for plain error. To demonstrate plain error, Fantozzi must show an error that is obvious and that

affects his substantial rights.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

As Fantozzi concedes, Almendarez-Torres has not been overruled, and we are required to follow it "unless and until the Supreme Court itself determines to overrule it."  United States v. Izaguirre, ___ F.3d ___, No. 04-40276, 2005 WL 730070 *4 (5th Cir. Mar. 31, 2005) (internal quotations and footnote omitted); see also Shepard v. United States, 125 S. Ct. 1254, 1262-63 & n.5 (2005).

Fantozzi has not demonstrated plain error.  See Mares, 402 F.3d at 521-22.  In Blakely v. Washington, 124 S. Ct. 2531, 2537 (2004) (emphasis omitted), the Supreme Court held that the Sixth Amendment prohibits state sentences greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely was based on the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 124 S. Ct. at 2536.  In United States v. Booker, 125 S. Ct. 738, 756 (2005), the Court reaffirmed Apprendi by holding that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the

facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Apprendi and Booker explicitly exempted the fact of prior convictions from those facts that increase a sentence that must be found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756; Apprendi, 530 U.S. at 490. Fantozzi also has not shown that any error affected his substantial rights. See Mares, 402 F.3d at 521-22. Accordingly, Fantozzi has not demonstrated plain error. Id.

AFFIRMED. MOTION DENIED.