United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50623
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY HEREDIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:04-CR-287-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ray Heredia appeals his conviction for aiding and abetting the possession of less than 50 kilograms of marijuana with intent to distribute. Heredia argues that the district court abused its discretion when it admitted evidence concerning two of Heredia's prior convictions and that the evidence was not sufficient to prove he knowingly possessed marijuana.

Through a letter mailed to the clerk of this court after appointed counsel had filed an appellate brief on Heredia's

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

behalf, Heredia has moved this court for an order relieving counsel and allowing Heredia to proceed pro se on appeal.  As Heredia's motion was filed after his counsel filed an appellate brief, the motion was untimely and is denied.  See United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998); see also Martinez v. Court of Appeal of California, 528 U.S. 152, 163 (2000).

Evidence of Heredia's prior felony convictions was admissible under Fed. R. Evid. 404(b) to show Heredia's knowledge and intent, which were placed at issue by Heredia's "not guilty" plea.  See United States v. Walker, 410 F.3d 754, 759 (5th Cir. 2005); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  The evidence possessed considerable probative value that was not substantially outweighed by undue prejudice under Fed. R. Evid. 403.  Beechum, 582 F.2d at 911.

Heredia properly preserved his challenge to the sufficiency of the evidence by moving for a judgment of acquittal at the close of the Government's case and at the close of all evidence. Therefore, this court reviews his conviction to determine whether a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt.  United States v. Ortega Reyna, 148 F.3d 540, 543 (5th Cir. 1998).  This court considers the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices made in support of the

verdict. Id. The court looks to whether the trier of fact made a rational decision, rather than to whether it correctly determined the defendant's guilt or innocence. United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995).

The elements of possession of marijuana with intent to distribute are "that the defendant (1) knowingly (2) possessed marijuana (3) with intent to distribute it." United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996). Heredia challenges only the knowledge element. "The knowledge element for possession . . . of drugs can rarely be proven by direct evidence." Lopez, 74 F.3d at 577. Knowledge "can be inferred from control of the vehicle in some cases; when the drugs are hidden, however, control alone is not sufficient to prove knowledge." United States v. Pennington, 20 F.3d 593, 598 (1994).

"[A]dditional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge is required." United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999). Such evidence "may include nervousness, conflicting statements to law enforcement officials, and an implausible story." Id.

Heredia was transporting approximately 55 pounds of marijuana with a value of $44,000. The substantial value of the marijuana being transported is circumstantial evidence that is probative of Heredia's knowledge. See United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003). The jury could reasonably have inferred that Heredia would not have been

entrusted with such valuable cargo if he was not part of the trafficking scheme.  <u>Villarreal</u>, 324 F.3d at 324.

When questioned by government agents, Heredia stated that he was homeless, that he had arrived in the area the day before to visit a friend in Presidio, Texas, and that he was on his way home, across the state, to Amarillo, Texas.  However, he could not provide the last name of his friend.  Further, at the time of his arrest, Heredia had $114.68 but no luggage or toiletries, though he had an extra pair of underwear and socks.  Moreover, although he never mentioned being in Mexico, a toll certification recovered from the truck indicated that Heredia had crossed the United States-Mexico border approximately one hour before he entered the checkpoint.  Heredia's inconsistent and incredible story to government agents provided further circumstantial evidence of his guilt.  See <u>Jones</u>, 185 F.3d at 464.

Border Patrol agent Borrero indicated that Heredia was nervous, hesitated, and avoided eye contact when answering questions and looked away from his truck while it was being searched.  Given the other circumstantial evidence, the jury reasonably could have interpreted his nervousness as another indication that he knew the marijuana was in the truck.  <u>Ortega Reyna</u>, 148 F.3d at 544.

Based on the foregoing evidence, the jury reasonably could have inferred that Heredia knowingly possessed marijuana.  <u>See, e.g.</u>, <u>Ortega Reyna</u>, 148 F.3d at 543 (it is not necessary that

every reasonable hypothesis of innocence be excluded); <u>United States v. Resio-Trejo</u>, 45 F.3d 907, 911 (5th Cir. 1995) (reasonable inferences are to be resolved in favor of the verdict); <u>Pennington</u>, 20 F.3d at 598-99 (issue is whether jury made a rational decision to convict or acquit based on the evidence).

For the foregoing reasons, Heredia's conviction is affirmed.

MOTION DENIED; CONVICTION AFFIRMED.