United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41454
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

NOE NICOLAS GARZA,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:03-CR-70-1
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Noe Nicolas Garza appeals the district court's sentence imposed following his guilty-plea conviction for conspiracy to possess with intent to distribute cocaine.  Finding no error, we affirm.

     Garza first argues that his sentence, which was enhanced based on facts determined by the judge, violates the Sixth Amendment rule announced in United States v. Booker, 543 U.S. 220 (2005).  Garza did not raise this objection in the district

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court. Accordingly, we review for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). Garza cannot show that the error in this case affected his substantial rights because there is nothing in the record to indicate that the district court, operating under advisory Sentencing Guidelines, would have imposed a lower sentence. See id.

Garza next contends that he should have received a three-level reduction for acceptance of responsibility and that the denial of the reduction constitutes a breach of the plea agreement and rendered his plea involuntary. Garza's contentions are wholly without merit, if not frivolous.

This court reviews a district court's finding on acceptance of responsibility with even greater deference than is given under the clearly erroneous standard. See United States v. Angeles-Mendoza, 407 F.3d 742, 753 (5th Cir. 2005). The district court denied the reduction after finding that Garza engaged in obstruction of justice by attempting to influence the testimony of other inmates so that he could obtain a U.S.S.G. § 5K1.1 reduction. Garza does not challenge this finding, which is, in any event, amply supported by the evidence. Conduct which results in an enhancement under U.S.S.G. § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct" except in "extraordinary cases." § 3E1.1, comment. (n.4). The court concluded that this was not an extraordinary case and Garza cites

no evidence or law to the contrary.  He has failed to demonstrate any error by the district court.

Garza's contentions that the plea agreement was breached and that his plea was involuntary are likewise wholly without merit. As for his claim of breach, the terms of the plea agreement made it clear that the recommendation of a three-level reduction was conditioned upon Garza's truthful rendition of facts at rearraignment, sentencing and during the presentence interview. Further, Garza he was required to refrain from committing any crimes.  Garza's lack of truthfulness at sentencing and his conduct in attempting to obstruct justice negated any obligation of the Government to move for a reduction.

With respect to the voluntariness of the plea, Garza's assertion that he reasonably believed that he would receive a reduction for acceptance of responsibility is contrary to his sworn testimony at rearraignment that he understood that the district court was not bound by the plea agreement and that the court would determine his sentence without regard the terms of the plea agreement.  His claim that his plea was not voluntary is without merit.

Finally, Garza seeks leave to have his counsel relieved and to proceed pro se on appeal.  Garza's motion, filed nine months after his counsel filed a brief on Garza's behalf, is not timely. See United States v. Wagner, 158 F.3d 901, 902 (5th Cir. 1998).

For the foregoing reasons, the judgment of the district court is affirmed.  Garza's motion to proceed pro se is denied.

AFFIRMED; MOTION TO PROCEED PRO SE DENIED.