UNITED STATES of America,
Plaintiff–Appellee,

v.

Miguel Angel MARTINEZ–FERRER,
Defendant–Appellant.

No. 05–41160
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff-Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Miguel Angel Martinez–Ferrer appeals his sentence for illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b). Through a letter mailed to the clerk of this court after appointed counsel had filed an appellate brief, Martinez–Ferrer moved to discharge appellate counsel, appoint new counsel, and amend his appellate brief. He also sought to stay this court's ruling on his appeal pending the resolution of his motion. As Martinez–Ferrer filed his motions after counsel had filed an appellate brief, the motions are denied as untimely. *See United States v. Wagner*, 158 F.3d 901, 902–03 (5th Cir.1998).

The Government seeks to dismiss Martinez–Ferrer's appeal as barred by the appellate waiver provision in his plea agreement. We need not decide whether the waiver precludes consideration of the instant appeal, however, as Martinez–Ferrer's constitutional challenge is foreclosed

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Martinez–Ferrer contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Martinez–Ferrer properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

MOTIONS DENIED; AFFIRMED.