United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50516
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMIL EUGENIO SIERRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-175-2
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Emil Eugenio Sierra, who is represented by appointed counsel, has filed pro se motions asking us to strike the brief filed by his attorney, hold his appeal in abeyance, and either appoint new counsel to represent him or grant him leave to proceed on appeal pro se.  Sierra has not established a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel in his case.  See Fifth Circuit Plan under the Criminal Justice Act,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 5(B). Moreover, Sierra's motions for the appointment of substitute counsel or in the alternative to proceed pro se were made after his attorney filed a brief on his behalf. The motions are untimely and are denied. Cf. United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998). Sierra's requests to strike the brief filed by his attorney and hold his appeal in abeyance are also denied.

In the brief filed by his attorney, Sierra argues that he was denied the effective assistance of counsel because his attorney failed to raise duress as a defense at his trial and as a mitigating factor during his sentencing hearing. Sierra asks us to remand his case to the district court for an evidentiary hearing concerning his ineffectiveness claims.

Sierra did not raise his ineffective assistance of counsel claims in the district court, and the record is not sufficiently developed for us to review the claims. The Supreme Court has emphasized that a 28 U.S.C. § 2255 motion is the preferred method for raising claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504-05 (2003). Accordingly, Sierra's motion to remand his case to the district court for an evidentiary hearing is denied. The district court's judgment is affirmed without prejudice to Sierra's right to raise his ineffective assistance of counsel claims in a § 2255 motion.

AFFIRMED; MOTIONS DENIED.