**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**December 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40366
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANTHONY RAY DAILEY

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CR-67-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM*

Anthony Ray Dailey appeals from his conviction following a jury trial for three counts of bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a) and 2. He argues first that an in-court identification by Sara Braswell violated due process because it was tainted by impermissibly suggestive pretrial circumstances and that the Government failed to disclose that she would make an in-court identification. Braswell had

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to identify Dailey in a photographic lineup but then witnessed Dailey being led into court at a pretrial hearing wearing prison clothing. Dailey was identified as a participant in the robberies by two accomplices and another teller, Karen Alexander, however, and we conclude that any error in Braswell's identification of Dailey was harmless and does not present grounds for reversal. See United States v. Watkins, 741 F.2d 692, 695 (5th Cir. 1984).

Dailey also argues that Alexander's in-court identification was tainted by an impermissibly suggestive pretrial photographic lineup. We ordinarily employ a two-part test to analyze the admissibility of identification evidence, asking (1) "whether the identification procedure was impermissibly suggestive" and (2) "whether the procedure posed a very substantial likelihood of irreparable misidentification." United States v. Rogers, 126 F.3d 655, 658 (5th Cir. 1997). After reviewing the record, we conclude that the photographic lineup presented to Alexander was not impermissibly suggestive, and we do not consider the second part of the test. See Peters v. Whitley, 942 F.2d 937, 939 (5th Cir. 1991).

Dailey also challenges the sufficiency of the evidence to support his convictions, and he argues that there was a fatal variance between the indictment and the testimony with respect to the robbery charged in count three of the indictment. As noted above, two of Dailey's accomplices identified him as a

participant in all the robberies and Alexander identified him in a photographic array and in court. The testimony of the accomplices alone was sufficient to support the convictions because the testimony was not incredible on its face. See United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994). Dailey's challenges to the accomplice testimony concern the credibility of the evidence, which we do not consider on appeal. See United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993). Because a rational jury could find Dailey was a participant in all three robberies, the evidence was sufficient. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Dailey's claim of a variance in the indictment fails as the alleged variance was not material, and Dailey concedes that he cannot meet the harmless error standard. See United States v. Freeman, 434 F.3d 369, 374 (5th Cir. 2005).

Dailey further argues that the district court erroneously failed to charge the jury that it could consider the prior convictions of the accomplices to discredit their testimony. Dailey fails to show that the district court's charge did not adequately address the credibility of the accomplice testimony, and he has not shown that the charge seriously impaired his ability to present his defense. See United States v. Tomblin, 46 F.3d 1369, 1378 (5th Cir. 1995).

Dailey has filed several pro se motions asking that his counsel withdraw and that he be permitted to proceed pro se. He also seeks permission to file one copy of a pro se brief, to

file his brief late, and to exceed the page limitations in a pro se brief.  Dailey's request to proceed pro se, filed after counsel has filed an appellate brief and the Government filed its responsive brief, is untimely.  His motions are therefore denied. See United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998); see also Martinez v. Court of Appeal of California, 528 U.S. 152, 163 (2000) .

AFFIRMED; ALL OUTSTANDING MOTIONS DENIED.