IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2008

Charles R. Fulbruge III
Clerk

No. 07-50950
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PATRICK JONES

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-22-2

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Patrick Jones appeals the sentence imposed following his jury conviction for possession with intent to distribute crack cocaine within 1,000 feet of a protected location. He argues that the district court's drug quantity calculation was erroneously based on the unreliable trial testimony of Sharon Jones.

In the absence of rebuttal evidence from Jones, the district court correctly relied on the presentence report in calculating drug quantity. See United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Gracia, 983 F.2d 625, 630 (5th Cir. 1993). Additionally, Sharon Jones's testimony supports the district court's calculation; her testimony was not ambiguous regarding the quantity of crack the Joneses sold versus the quantity they consumed for personal use, it established that the Joneses were heavy users of crack cocaine and used a significant portion of the profits from its sale to purchase more drugs, and it did not support Jones's allegation that Sharon Jones suffered from a mental illness that affected the credibility of her testimony. The district court's drug quantity calculation therefore was not error, plain or otherwise. See United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005).

Jones has moved pro se for "clarification" and appointment of new counsel, raising ineffective assistance of counsel claims. Ineffective assistance of counsel claims generally cannot be addressed on direct appeal unless they have been presented to the district court. Massaro v. United States, 538 U.S. 500, 505 (2003); United States v. Cantwell, 470 F.3d 1087, 1091 (5th Cir. 2006). Jones's ineffective assistance claims are therefore best addressed on 28 U.S.C. § 2255 review. Insofar as Jones requested the appointment of new appellate counsel, he did so after counsel had filed a brief; therefore his request is untimely. Cf. United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998).

AFFIRMED; MOTION FOR CLARIFICATION AND APPOINTMENT OF NEW COUNSEL DENIED.