# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2010

No. 09-51115
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN COCKERHAM, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-511-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

John Cockerham, Jr., appeals his guilty plea convictions of conspiring to defraud the United States and to commit an offense against the United States, bribery, and conspiring to commit money laundering. Cockerham claims that his right to a public trial was violated because the courtroom was closed during his guilty plea hearing and because the district court did not announce that the courtroom had been closed until it had finished taking his plea.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government does not invoke the appeal waiver provision of Cockerham's plea agreement. Therefore, the waiver provision does not bar Cockerham's appeal. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006). The Government contends, however, that Cockerham waived his right to a public trial.

The Sixth Amendment guarantees a public trial to all criminal defendants. *United States v. Osborne*, 68 F.3d 94, 98 (5th Cir. 1995). A defendant may waive his Sixth Amendment right to a public trial by failing to object to the closing of the courtroom. *Peretz v. United States*, 501 U.S. 923, 936 (1991); *United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) ("Where a defendant, with knowledge of the closure of the courtroom, fails to object, that defendant waives his right to a public trial.").

As the transcript of the guilty plea hearing makes clear, Cockerham's trial counsel urged that the proceedings be kept secret so as to increase his client's opportunities to provide substantial assistance to the Government and thereby obtain a reduction in his sentence. We have no difficulty inferring from the transcript that Cockerham's trial counsel was aware of the closure of the courtroom prior to and during Cockerham's plea hearing. Additionally, there is no indication in the record that either Cockerham or his trial counsel objected to the closure of the courtroom during the plea hearing itself, at any subsequent proceeding, or by way of a written motion. Accordingly, we conclude that Cockerham waived his right to a public trial. *See Hitt*, 473 F.3d at 155 ("A defendant's attorney's waiver of the right to a public trial is effective on the defendant.").

After the parties submitted briefs, Cockerham filed two pro se motions. In the first such motion, he requested an order mandating his appointed appellate counsel to raise certain issues on direct appeal or, in the alternative, an order dismissing his current attorney and appointing new appellate counsel.

No. 09-51115

In the second motion Cockerham moved for leave to file a pro se reply brief, or, in the alternative, for the appointment of new appellate counsel.

Cockerham cannot force his appellate counsel to advance issues with which counsel does not agree, and he does not have the right to new appointed counsel who necessarily agrees with him. *See Vega v. Johnson*, 149 F.3d 354, 361 (5th Cir. 1998). He has no constitutional right to self-representation on appeal, *see Martinez v. Court of Appeal of California*, 528 U.S. 152, 163 (2000), and he is not entitled to hybrid representation on appeal. *See United States v. Ogbonna*, 184 F.3d 447, 449 & n.1 (5th Cir. 1999). Once counsel's brief is filed, a motion to proceed pro se is untimely. *See United States v. Wagner,* 158 F.3d 901, 902-03 (5th Cir. 1998). Further, "[b]y accepting the assistance of counsel the criminal appellant waives his right to present pro se briefs on direct appeal." *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996). In view of the foregoing authorities, Cockerham's pro se motions are denied.

AFFIRMED; MOTIONS DENIED.