**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 18, 2012

Lyle W. Cayce
Clerk

No. 12-40114
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO CASTANEDA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:11-CR-1146-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gerardo Castaneda pleaded guilty to conspiracy and to possession with intent to distribute 1000 kilograms or more of marijuana and received a sentence of 120 months in prison.  On appeal, he argues that the Government failed to prove that he had knowledge of the quantity of marijuana that he possessed.  As Castaneda acknowledges, however, this argument is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), which reaffirmed the holding in *United States v. Gamez-Gonzalez*, 319 F.3d 695, 700 (5th Cir. 2003), that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowledge of drug type and quantity is not an element of possessing with intent to deliver a controlled substance.

During sentencing, the district court agreed with Castaneda's request to recommend placement at FCI Beaumont Low and training in diesel mechanics. However, the written judgment recommended that Castaneda be placed in a facility near Beaumont and that he participate in a vocational training program. On appeal, Castaneda asserts that the recommendations in the judgment constitute error because they do not specifically request placement at FCI Beaumont Low and do not stipulate training in diesel mechanics; he maintains that the error is critical because the desired training program is available at FCI Beaumont Low, along with a recommended drug treatment program. The Government concedes that there is an error in the judgment and that the case should be remanded to conform the written judgment to the oral recommendations. Because the record reflects the district court's intent to make the specific recommendations, a remand is appropriate. *See United States v. Bigelow*, 462 F.3d 378, 380-81, 383 (5th Cir. 2006); *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). Accordingly we AFFIRM Castaneda's conviction and sentence and REMAND this case so that the district court may conform the written judgment to comply with the oral recommendations. Castaneda's motion to relieve his appointed counsel and proceed pro se is DENIED. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).