**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 12, 2013

Lyle W. Cayce
Clerk

No. 12-40897
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK JOHN SUTTON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CR-123-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Derrick John Sutton
has moved for leave to withdraw and has filed a brief in accordance with *Anders
v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th
Cir. 2011).  Sutton has filed a response.  He has also filed an untimely motion for
leave to file a *pro se* brief, which we construe as a motion for leave to file an out-
of-time supplemental response to counsel's motion to withdraw and GRANT.
The record is insufficiently developed to allow consideration at this time of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sutton's claim of ineffective assistance of counsel; such a claim generally "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Sutton's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. Sutton's motion for the appointment of substitute counsel is DENIED. *Cf. United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).