# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce

Clerk

No. 14-41004
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONNIE DERRYL LEWIS, also known as Byron Keith Lewis, also known as
Stevie Lewis, also known as Curtis Williams,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-98-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ronnie Derryl Lewis was convicted following a jury trial of conspiracy to
commit mail fraud, aiding and abetting aggravated identity theft, and three
counts of mail fraud. He contends that there was a material variance between
the indictment, which alleged a single conspiracy to commit mail fraud, and
the proof at trial, which he maintains showed multiple smaller conspiracies.
Lewis must establish that there was a variance between the indictment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-41004

the proof at trial and that the variance affected his substantial rights. *United States v. Morris*, 46 F.3d 410, 414 (5th Cir. 1995).

We need not resolve whether a material variance existed because Lewis cannot show that any variance affected his substantial rights. *See id.; United States v. Pena-Rodriguez*, 110 F.3d 1120, 1127-29 (5th Cir. 1997). The evidence supports, and Lewis does not dispute, that there was sufficient evidence that he was involved in at least one conspiracy to commit mail fraud. *See United States v. Mitchell*, 484 F.3d 762, 770-71 (5th Cir. 2007). Any risk of prejudice was minimized by the district court's jury charge, *see Mitchell*, 484 F.3d at 771; *United States v. Faulkner*, 17 F.3d 745, 762 (5th Cir. 1994), and, moreover, the indictment gave Lewis a sufficient opportunity to prepare a defense, *see United States Lokey*, 945 F.2d 825, 834 (5th Cir. 1991). The evidence reflected, and Lewis conceded, that he was a central figure in all of the potential conspiracies and, therefore, there is no concern that the jury transferred guilt to him. *See Grisette v. United States*, 313 F.2d 187, 189-90 (5th Cir. 1963). Lewis's guilt was established by evidence, including his own admissions, that was not likely to confuse the jury and which was precise in proving his role in the operative events. *See Pena-Rodriguez*, 110 F.3d at 1129. Lewis offers only a conclusory argument under the general principles of joinder and severance and has failed to show reversible error. *See Mitchell,* 484 F.3d at 771; *Pena-Rodriguez*, 110 F.3d at 1128.

Lewis also has moved for the substitution of appointed counsel or, in the alternative, for leave to proceed pro se. His motion was untimely filed after his counsel and the Government filed their briefs on the merits. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998). Finally, Lewis's motion for leave to file a supplemental brief is denied.

AFFIRMED; MOTIONS DENIED.

2