# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10173
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FABIAN C. FLEIFEL,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-318-3

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fabien Fleifel was convicted by a jury of conspiracy to commit mail fraud, wire fraud, and bank fraud and of multiple counts of mail fraud telemarketing, wire fraud telemarketing, and aiding and abetting. He was sentenced to concurrent 168-month terms of imprisonment and to a two-year period of supervised release, and he was ordered to pay $1,346,513.21 in restitution.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10173

Fleifel has moved for leave to proceed pro se.  The motion is denied as untimely.  *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).

Fleifel challenges two sentencing enhancements:  a two-level enhancement under U.S.S.G. § 2B1.1(b)(10)(C), because the offense involved sophisticated means, and a four-level enhancement under U.S.S.G. § 3B1.1(a), because he was an organizer or leader of a criminal activity involving five or more participants.

With respect to the sophisticated means enhancement, the record reflects that Fleifel attempted to conceal the fraudulent nature of his timeshare marketing operation and to avoid detection.  *See United States v. Valdez*, 726 F.3d 684, 695 (5th Cir. 2013).  Because the unrebutted facts reported in the presentence report amply support the district court's finding that the offense involved sophisticated means, *see* § 2B1.1, comment. (n.9(B)), the district court's finding was not clearly erroneous.  *See United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013); *United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008).

Fleifel argues that insufficient evidence supports the district court's finding that his role in the offense was that of an organizer or leader warranting a four-level enhancement.  Fleifel exercised decision making authority, participated as an owner of the businesses, recruited accomplices, claimed a larger share of the fruits of the crime, was instrumental in planning and organizing the businesses, was involved in a large and growing criminal enterprise, and exercised control and authority over other participants.  *See* § 3B1.1, comment. (n.4).  The district court did not clearly err in finding that Fleifel was an organizer or leader of criminal activity that involved five or more participants.  *See Alaniz*, 726 F.3d at 618; *United States v. Cabrera*, 288 F.3d 163, 173 (5th Cir. 2002).

No. 16-10173

Finally, Fleifel argues that the restitution order was based on speculation and conjecture and, therefore, erroneously held him responsible for losses that are not supported by evidence. He contends that the district court failed to comply with 18 U.S.C. § 3664(a) & (e) and should have required the Government to provide additional explanation of the victims' loss amounts through victim testimony or sworn statements. Because the record provides an adequate basis to support the restitution order, Fleifel cannot show that the district court erred, plainly or otherwise, in determining the restitution amount. *See United States v. Sharma*, 703 F.3d 318, 322 & 324 n.21 (5th Cir. 2012). The judgment is AFFIRMED.