# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40153
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 22, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WAYNE ALAN WATSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-50-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Wayne Alan Watson appeals his convictions after a jury trial of armed bank robbery. He argues that the district court erred in denying him a continuance so he could retain expert witnesses to review cell phone and computer data he received from the Government during discovery. He also

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the denial of a continuance was an abuse of discretion because substitute counsel did not have adequate time to prepare a defense.

We review the district court's denial of a continuance for an abuse of discretion. *United States v. Stalnaker*, 571 F.3d 428, 439 (5th Cir. 2009). "[T]he movant must show that the denial resulted in specific and compelling or serious prejudice." *United States v. Barnett*, 197 F.3d 138, 144 (5th Cir. 1999) (internal quotation marks omitted). We will uphold the district court's decision, even if it was harsh, if it was not arbitrary or unreasonable. *Stalnaker*, 571 F.3d at 439.

Watson's assertion of prejudice is unsupported and speculative. He does not explain how the denial of a continuance prejudiced him or affected his counsel's performance at trial. Thus, he has not alleged, much less demonstrated, that he suffered "specific and compelling or serious prejudice." *Barnett*, 197 F.3d at 144 (internal quotation marks and citation omitted); *see Stalnaker*, 571 F.3d at 439. Accordingly, the district court's judgment is AFFIRMED. Watson's motion to relieve counsel, appoint substitute counsel, and restart the briefing schedule is DENIED as untimely. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998).