**REVISED February 7, 2020**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30333
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

   Plaintiff - Appellee

v.

ELLIS HARP, III,

   Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-301-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

  Ellis Harp, III, conditionally pleaded guilty to possession of cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. *See* FED. R. APP. P. 11(a)(2). After appellate briefing was completed, Harp's counsel filed a motion to withdraw. Harp then filed a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30333

response, explaining that he wishes to proceed pro se.  Because neither counsel nor Harp has shown that there is a conflict of interest or that the interests of justice require relief of counsel, we deny the motion for leave to withdraw as appointed counsel.  18 U.S.C. § 3006A(c); FIFTH CIRCUIT PLAN UNDER THE CRIMINAL JUSTICE ACT § 5(B).  We also deny as untimely Harp's motion to proceed pro se.  *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998).

On appeal, Harp challenges the district court's denial of his motion to suppress evidence obtained pursuant to three search warrants.  He asserts that the warrants were not adequately supported by probable cause and that they failed to state with particularity the crimes being investigated and the items to be seized.

When reviewing the denial of a motion to suppress evidence obtained pursuant to a search warrant, we initially must determine whether the good faith exception to the exclusionary rule applies.  *United States v. Cherna*, 184 F.3d 403, 406-07 (5th Cir. 1999).  If so, we need not engage in further analysis.  *Id.*  Under the good faith exception, "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant" should not be excluded.  *United States v. Leon*, 468 U.S. 897, 922 (1984).  By failing to brief the issue, Harp has abandoned any challenge to the district court's application of the good faith exception.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  In any event, Harp did not object to the magistrate judge's finding that the good faith exception applied, and he fails to show plain error.  *See United States v. Woerner*, 709 F.3d 527, 533-34 (5th Cir. 2013); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420-23, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

MOTIONS DENIED; AFFIRMED.

2