# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2020

Lyle W. Cayce
Clerk

No. 18-60733
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Kevin Lawrence,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-149-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

A jury convicted Kevin Lawrence of conspiracy to possess marijuana with intent to distribute, possession of marijuana with intent to distribute and aiding and abetting, and use of a communication facility to facilitate a drug offense.  On appeal, Lawrence challenges the sufficiency of the evidence,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

arguing that the testimony offered by two co-conspirators, Alvin Haynes and Kendrick Applewhite, was not credible or corroborated by other evidence. Next, he argues that the Government, in its closing argument rebuttal, improperly expressed an opinion about the credibility of a defense witness, Steven Davison, and argued that Davison received the same discovery materials as Lawrence, a fact that was not in evidence. Finally, he contends that the district court erroneously included 200 pounds of marijuana in the drug quantity calculations that was not proven to the jury. After briefing was completed, Lawrence's appointed counsel, R. Thomas Rich, filed an untimely motion to withdraw. *Cf. United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).

When a defendant objects to the sufficiency of the evidence in the district court, we review his challenge de novo. *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013). We accept "all credibility choices and reasonable inferences made by the trier of fact which tend to support the verdict" and resolve conflicts in the evidence in favor of the verdict. *Id.* (internal quotation marks and citations omitted).

As Lawrence acknowledges, his arguments depend on the premise that Haynes and Applewhite did not present credible testimony at trial. It is the jury's province to determine credibility. *See United States v. Payne*, 99 F.3d 1273, 1278 (5th Cir. 1996). Moreover, Applewhite and Haynes corroborated each other's testimony. Both testified that they separately agreed with Lawrence to violate the law by transporting marijuana. *See Chon*, 713 F.3d at 819. Haynes and Applewhite indicated that Lawrence shared the intent to possess marijuana with intent to distribute and arranged for the transportation of the marijuana from El Paso, Texas, to Jackson, Mississippi, and for Applewhite and Davison to take possession of the marijuana. *See United States v. Delgado*, 256 F.3d 264, 274 (5th Cir. 2001). Both testified that they communicated with Lawrence about the transportation of

marijuana by cell phone, both in phone calls and text messages. *See United States v. Haines*, 803 F.3d 713, 735 (5th Cir. 2015). The fact that Haynes and Applewhite received advantages for their testimony does not alone show that their testimony was incredible or impossible. *See United States v. Valdez*, 453 F.3d 252, 257 (5th Cir. 2006). Therefore, Lawrence has not demonstrated that the evidence was insufficient to support his convictions. *See Chon*, 713 F.3d at 818.

Next, Lawrence argues that, in its closing argument rebuttal, the Government improperly offered an opinion about Davison's motive to lie to protect Lawrence and relied on evidence that was not in the record. In reviewing a claim of prosecutorial misconduct during closing argument, we first determine de novo whether the prosecutor made an improper remark. *United States v. McCann*, 613 F.3d 486, 494 (5th Cir. 2010). If so, we then determine whether the remark affected the defendant's substantial rights, applying an abuse of discretion standard. *Id.*

Here, the improper statement about Davison's access to discovery materials was immediately followed by an objection and an instruction for the jury to disregard it. After overruling Lawrence's objection to the Government's comments about Davison's motive to lie, the district court instructed the jury that what attorneys argue is not evidence. Jurors are presumed to follow instructions. *United States v. Turner*, 674 F.3d 420, 440 (5th Cir. 2012). In addition, there was strong evidence of guilt, including text messages between Haynes and Lawrence and between Applewhite and Lawrence. Given the foregoing, the prosecutor's remarks attacking Davison's testimony did not affect Lawrence's substantial rights. *See id.* at 439.

Finally, citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Lawrence argues that the district court's calculation of the guidelines range was

No. 18-60733

erroneous because the marijuana reportedly transported in the months before the offense were not proven to a jury beyond a reasonable doubt. District courts may find relevant drug quantities for Sentencing Guideline purposes, thereby increasing the guidelines range, as long as the sentence imposed is within the appropriate statutory range. *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000). The jury determined that Lawrence was responsible for between 50 and 100 kilograms of marijuana, which carried a statutory maximum sentence of 20 years of imprisonment, and he was sentenced below the statutory maximum to 135 months of imprisonment. Therefore, the district court's finding of the drug quantity by a preponderance of the evidence did not violate *Apprendi*.

Accordingly, IT IS ORDERED that the judgment of the district court is AFFIRMED. Counsel's motion to withdraw is GRANTED.