# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2021

Lyle W. Cayce
Clerk

No. 20-10565
Conference Calendar

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏꜰ Aᴍᴇʀɪᴄᴀ,

*Plaintiff—Appellee*,

*versus*

Pʜᴏᴜᴘʜᴇᴛ Sᴀʏᴀsᴀɴᴇ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CR-95-1

Before Jᴏɴᴇs, Cʟᴇᴍᴇɴᴛ, and Hᴀʏɴᴇs, *Circuit Judges*.

Pᴇʀ Cᴜʀɪᴀᴍ:*

The Federal Public Defender appointed to represent Phouphet Sayasane has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Sayasane has filed a response. We have reviewed counsel's

---

* Pursuant to 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Cɪʀᴄᴜɪᴛ Rᴜʟᴇ 47.5.4.

No. 20-10565

brief and the relevant portions of the record reflected therein, as well as Sayasane's response.

Sayasane alleges, among other things, that his counsel was ineffective. We have previously determined that such claims "should not be litigated on direct appeal, unless they were previously presented to the trial court. It is only in rare cases in which the record allows a reviewing court to fairly evaluate the merits of the claim that we will consider such a claim." *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (internal quotation marks and footnotes omitted). We conclude that this is not such a "rare" case, so we offer no opinion on whether such a claim would be successful on collateral review.

We concur with counsel's remaining assessment that the appeal presents no nonfrivolous issue for direct appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. Sayasane's pro se motion for appointment of new counsel is DENIED as untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).