# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2021

Lyle W. Cayce
Clerk

No. 19-30983
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONALD W. ALLEN, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CR-278-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:*

Ronald W. Allen, Jr., was convicted after a jury trial of one count of aggravated sexual abuse, in violation of 18 U.S.C. § 2241(c), and one count of sexual abuse of a minor or ward in violation of 18 U.S.C. § 2243(a)(1). On

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

appeal, he contends that the evidence was insufficient to sustain his § 2241(c) conviction.

In relevant part, § 2241(c) prohibits persons from "knowingly engag[ing] in a sexual act with a person who has not attained the age of 12 years" while in a "special maritime and territorial jurisdiction of the United States." Section 2246(2) of Title 18 defines the "sexual acts" prohibited by § 2241(c). 18 U.S.C. § 2246(2).

At trial, the Government offered evidence that Allen engaged in a "sexual act," as that term is defined in § 2246(2), with the victim (TA) while Allen lived with TA in Louisiana. Nevertheless, Allen avers that the evidence showed that TA lived with Allen in Louisiana on two separate occasions: one occasion prior to when she turned 12 years old and one occasion after she turned 12. Because TA's testimony did not specify whether the "sexual acts" occurred during her first time living with Allen in Louisiana when she was under 12 years old or her second time living with Allen in Louisiana after she turned 12, Allen argues that the jury could only speculate as to when the sexual acts occurred. We review his challenge de novo. *See United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013).

Allen's sufficiency challenge fails. TA's testimony offered a geographic chronology of the sexual abuse that Allen committed based on where Allen and TA lived at the time. Her testimony started by describing Allen's sexual abuse of her when they lived in Alaska. TA then testified that they moved from Alaska to Louisiana. It is uncontested that she was not 12 years old at the time. In response to the prosecution's questions about whether Allen committed acts different from those that occurred in Alaska, TA then described the abuse that constituted "sexual acts." TA was then asked whether she had told anyone "the first time" when she lived with Allen in Louisiana about the abuse, and TA responded that she had not. That TA's

No. 19-30983

testimony referred to abuse that occurred when she lived with Allen in Louisiana before she turned 12 was a "reasonable construction[] of the evidence." *United States v. Alaniz*, 726 F.3d 586, 601 (5th Cir. 2013) (internal quotation marks and citation omitted).   The evidence, viewed in the light most favorable to the verdict, reflects that the Government presented sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that Allen was guilty. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Accordingly, the judgment of the district court is AFFIRMED. Allen's motion to relieve counsel, to strike counsel's brief, and to proceed pro se on appeal is DENIED as untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).