# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 6, 2021

Lyle W. Cayce
Clerk

No. 20-10315
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FREDDIE THOMAS GILBERT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-569-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Freddie Thomas Gilbert was convicted by a jury of possession of a firearm and ammunition by a convicted felon (Count One); possession with intent to distribute a mixture or substance containing a detectable amount of cocaine (Count Two); and murder resulting from the use of a firearm during

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10315

and in relation to a drug trafficking crime (Count Four). He was sentenced to concurrent terms of 120 months of imprisonment on Count One, 240 months on Count Two, and life on Count Four. He now appeals, asserting that there was insufficient evidence to support his conviction for murder resulting from the use of a firearm during and in relation to a drug trafficking crime. He only disputes that he caused Jac Quisha Isaac's death and that he did so with malice aforethought. Our review is de novo. *See United States v. Johnson*, 990 F.3d 392, 398 (5th Cir. 2021).

In reviewing a preserved challenge to the sufficiency of the evidence, we must determine whether "after viewing the evidence and all reasonable inferences in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Our review of the record reveals that the evidence was sufficient to establish that Gilbert caused Isaac's death and that he acted with malice aforethought.

Gilbert also contends that the district court erred by admitting Isaac's father's testimony that he heard Gilbert rapping about killing a girl a few days before Isaac's death. Because Gilbert has not adequately briefed his argument involving Federal Rule of Evidence 404(b), it is deemed abandoned. *See United States v. El-Mezain*, 664 F.3d 467, 572 (5th Cir. 2011). In addition, Gilbert's assertion that his rap song should have been excluded under Federal Rule of Evidence 403 because it was unfairly prejudicial, is unavailing. Even if we assume the district court abused its discretion, any error was harmless. *See United States v. Williams*, 620 F.3d 483, 492 (5th Cir. 2010). Isaac's father admitted on cross-examination that it is not uncommon for rap music to contain lyrics involving violence. In addition, there was substantial evidence of Gilbert's guilt presented at trial. Accordingly, there

is not a reasonable probability that the admission of testimony about Gilbert's rap song contributed to his conviction. *See Williams*, 620 F.3d at 492.

The judgment of the district court is AFFIRMED. Gilbert's motion to relieve appointed counsel and to proceed pro se is DENIED as untimely because it was filed after counsel's brief was filed. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998). His motion to compel production of a copy of the record on appeal is likewise DENIED.