# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2012

No. 11-51087
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO ERACLIO CORRAL-GARCIA, also known as Erik, also known as El
Siete, also known as Gustavo Eraclio Corral,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-363-3

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Gustavo Eraclio Corral-Garcia
(Corral) has moved for leave to withdraw and has filed a brief in accordance with
*Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d
229 (5th Cir. 2011). Corral has filed a response and a supplemental response.
The record is insufficiently developed to allow consideration at this time of
Corral's claim of ineffective assistance of counsel; such a claim generally "cannot

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).  We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Corral's responses.  We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.  Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED.  *See* 5TH CIR. R. 42.2.  Corral's request for appointment of new counsel or for leave to file a pro-se appeal brief is DENIED.  *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).