

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-12-00038-CR**
**NO. 02-12-00039-CR**

EDGAR ALFREDO MATA                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1] AND ORDER

----------

Appellant Edgar Alfredo Mata appeals his convictions for burglary of a habitation with intent to commit sexual assault.  We affirm.

On March 24, 2011, in two indictments, a grand jury indicted Appellant for the first-degree felony offenses of burglary of a habitation with intent to commit

---

[1]*See* Tex. R. App. P. 47.4.

sexual assault, involving two different victims.[2]  *See* Tex. Penal Code Ann. § 30.02 (West 2011).  One indictment included a deadly-weapon notice alleging that Appellant had used a knife in the commission of that burglary.  *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2012).  Appellant pleaded guilty to both indictments without benefit of a plea-bargain agreement. As part of his guilty pleas, the trial court gave him written plea admonishments, which included judicial confessions wherein he swore:  "I have read the indictment . . . filed in this case and I committed each and every act alleged therein . . . .  I am guilty of the instant offense as well as all lesser included offenses . . . . "  Appellant also signed (1) statements that his pleas were "knowingly, freely, and voluntarily entered" and (2) applications for community supervision.  The trial court accepted Appellant's guilty pleas, requested presentence-investigation reports, and postponed determining Appellant's sentences until after the reports were available.  *See id.* art. 42.12, § 9.

The trial court held a sentencing hearing on January 20, 2012.  Appellant called several witnesses in an attempt to secure a community supervision sentence.  A sex-offender counselor testified that Appellant would benefit from therapeutic treatment for his "significant mental health problems" and that lack of such treatment would "increase[] his community risk."  The counselor did admit,

---

[2]As first-degree felonies, the available punishment range was confinement for life or for any term of not more than 99 years or less than 5 years.  Tex. Penal Code Ann. § 12.32(a) (West 2011).

however, that Appellant was not completely truthful when talking with the counselor, which could have affected the counselor's conclusions. Three of Appellant's female friends testified that they had never known Appellant to be aggressive or inappropriate. Appellant's mother testified that Appellant was not abusive and had attention-deficit disorder. Appellant's father testified that Appellant was respectful but believed Appellant needed treatment.

After both the State and Appellant's counsel made closing arguments, the State requested a "significant sentence," i.e., "up towards . . . in between 30 and 50 years." The trial court found that the evidence supported Appellant's guilty pleas, found the deadly-weapon notice true, and sentenced Appellant to two 20-year terms of confinement, to be served concurrently. Appellant filed notices of appeal from the trial court's judgments.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Appellant filed objections to counsel's *Anders* brief. The State did not submit a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an examination of the proceedings.

3

*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues Appellant raises. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding). We are not required to address the merits of each issue Appellant raises in his pro-se briefing because to do so would deprive Appellant "of the meaningful assistance of counsel." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Only after our independent review is completed may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Appellant's pro-se objections. We agree with appellate counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe*, 178 S.W.3d at 827–28; *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(a).

PER CURIAM

PANEL: GABRIEL, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 20, 2013

4