# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10067
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

BENJAMIN MASON, Also Known as Chi,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:13-CR-77

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Benjamin Mason appeals the 240-month sentence for his guilty-plea conviction of bank robbery. The sentence is an upward departure from the guideline range pursuant to U.S.S.G. § 4A1.3 or an upward variance pursuant to 18 U.S.C. § 3553(a). Mason complains that the sentence is substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because the district court disregarded the sentencing disparity between him and his fellow bank robbers, afforded excessive weight to his criminal history, and failed properly to consider his acceptance of responsibility.

We review sentences for substantive reasonableness, in light of the § 3553(a) factors, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 49−51 (2007). The record confirms that the district court listened to counsel's arguments and made an individualized assessment based on Mason's personal history and characteristics; the seriousness of the underlying offense; and the need to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. *See id.*; § 3553(a)(1), (2). Mason's challenge is no more than a disagreement with the district court's balancing of the § 3553(a) factors, an analysis that that court was in a better position to perform than are we and to which we accord great deference. *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011). Mason has not shown that the decision to sentence him above the advisory range was "a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

As for the increase to 240 months from the 188-month top of the range, this court has upheld variances and departures greater than this increase. *See United States v. Brantley*, 537 F.3d 347, 348−50 (5th Cir. 2008); *United States v. Jones*, 444 F.3d 430, 433, 441−42 (5th Cir. 2006). The district court acted within its discretion. *See Hernandez*, 633 F.3d at 375.

The judgment of sentence is AFFIRMED. Mason's *pro se* motion for substitution of counsel is DENIED because, *inter alia*, it was filed after counsel's brief and is thus untimely. *Cf. United States v. Wagner*, 158 F.3d 901, 902−03 (5th Cir. 1998). To the extent that Mason complains that his appointed counsel was ineffective, that matter is not appropriate to be addressed on direct appeal.