# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-51190
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO MACEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-164-5

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Rogelio Macedo has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Macedo has filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Macedo's response.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51190

The thrust of Macedo's response is that the Government breached the plea agreement by "support[ing] information inconsistent with the plea agreement." According to Macedo, he

> entered into an agreement which stipulated to a particular set of facts that stated that Macedo was engaged in a conspiracy. And that [he] was involved in a large methamphetamine organization. Although there is mention of large quantities of methamphetamines the factual basis only reveals that two people drove cars containing five kilograms of methamphetamines.

Specifically, Macedo avers that the Government breached the terms of the agreement "when it introduced evidence through the presentence report that attributed a larger amount of methamphetamine contrary to that stipulated in the plea agreement." In this regard, he contends that the plea agreement only stipulated to 10 kilograms of methamphetamine, whereas the PSR recommended that 11,670.82 grams of methamphetamine mixture could be attributed to him, in addition to 3,661.05 grams of methamphetamine actual.

Macdeo's breach argument lacks merit. As an initial matter, there is no provision in the plea agreement stipulating that Macedo will be sentenced based on a specified quantity of drugs. Indeed, under the agreement, the Government explicitly reserved the right to "inform the U.S. Probation Office and the Court of all information relevant to determining sentence." Moreover, there is no indication in the record that the Government actually informed the court of additional drug quantities. Finally, contrary to Macedo's contentions, the factual stipulation in the plea agreement nowhere indicates that only 10 kilograms could be attributed to Macedo. Rather, the plea agreement notes that Macedo was engaged in a conspiracy, in which he received and distributed "large quantities of methamphetamines." While the

No. 13-51190

agreement does contain a factual stipulation that Macedo was present at a scene "where cars containing 5 kilograms of methamphetamine" were being delivered, the agreement nowhere indicates that this was the exclusive episode involving Macedo.

Following our review of counsel's brief, Macedo's response, and the record, we concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for leave to withdraw is GRANTED, and counsel is excused from further responsibilities herein. Macedo's motion for the appointment of new counsel is DENIED. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998). The APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.