

# NUMBER 13-14-00380-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAWRENCE JAMES JR.,                                **Appellant,**

**v.**

THE STATE OF TEXAS,                                   **Appellee.**

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

# ORDER ABATING APPEAL

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Order Per Curiam

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's counsel

has filed a brief and a motion to withdraw with this Court, stating that his review of the

record yielded no grounds of error upon which an appeal can be predicated.[1] Counsel's brief and motion meet the requirements of *Anders v. California*, by presenting a professional evaluation of the record demonstrating why counsel concluded there are no arguable grounds for relief. *See* 386 U.S. 738 (1967). Currently pending before the Court is "Appellant's Objections to Appellate Counsel's Anders Brief," which we construe as appellant's pro se response to the *Anders* Brief.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and the issues appellant points out in his pro se response. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir.1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). A court of appeals has two options when counsel files an *Anders* brief and appellant files a subsequent pro se response. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

After our independent review, we conclude that there are "arguable" appellate

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

2

issues in this case.  *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27.  For instance, among others, appellant has briefed issues pertaining to the voluntariness of his plea, the violation of his due process rights, the completeness of the record, ineffective assistance of counsel, and prosecutorial misconduct.  We stress that this is not an exhaustive list of arguable issues that appellant could raise on appeal.   We also emphasize that we have not determined that any of these arguments have merit.

We conclude that appellate counsel has met his professional obligations under *Anders* and GRANT his motion to withdraw.   We ABATE the appeal and REMAND the case to the trial court for appointment of a new appellate attorney.   *See Schulman*, 252 S.W.3d at 409.

The trial court shall make the appointment and ensure that a supplemental record of the proceedings is filed in this Court no later than twenty days from the date of this order.   We will reinstate the appeal upon receipt of the supplemental record.  Appellant's brief on the merits will be due thirty days after the supplemental record is filed.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of May, 2015.

3