

# NUMBER 13-14-00271-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **VICTOR CAMPOS,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 148th District Court
### of Nueces County, Texas.

# ORDER ABATING APPEAL

### Before Justices Rodriguez, Garza, and Longoria
### Order Per Curiam

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record in trial court cause number 13-CR-2591-E yielded no grounds of error upon which

an appeal can be predicated.[1]  Counsel's brief and motion meet the requirements of *Anders v. California*, by presenting a professional evaluation of the record demonstrating why counsel concluded there are no arguable grounds for relief.  *See* 386 U.S. 738 (1967).

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   In this evaluation, we consider the record and the arguments raised in the *Anders* brief.  *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir.1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).   A court of appeals has two options when an *Anders* brief is filed.  After reviewing the entire record, it may:   (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel.  *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).   If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal.  *Id.*

---

[1] Upon open pleas of guilty, the trial court found appellant Victor Campos guilty of burglary of a habitation with the intent to commit a felony (robbery) in trial court cause number 13-CR-2691-E and three counts of possession of a controlled substance in cause numbers 13-CR-2692-E (felony cocaine), and 13-CR-2693-E (state-jail cocaine), 13-CR-3446-E (state-jail marijuana), the offenses ranging from state-jail to first-degree felonies.  On appeal, appellant's counsel filed an *Anders* brief as to all convictions.  On July 16, 2015, we affirmed the controlled-substance convictions.  *See Campos v. State*, No. 13-14-00269-CR, 2015 WL ____, at __ (Tex. App.—Corpus Christi July 16, 2015, no pet. h.) (mem. op., not designated for publication); *Campos v. State*, No. 13-14-00270-CR, 2015 WL ____, at __ (Tex. App.—Corpus Christi July 16, 2015, no pet. h.) (mem. op., not designated for publication); *Campos v. State*, No. 13-14-00272-CR, 2015 WL ____, at __ (Tex. App.—Corpus Christi July 16, 2015, no pet. h.) (mem. op., not designated for publication).   This abatement order only addresses the appeal from Campos's conviction for burglary of a habitation with the intent to commit a felony.

After our independent review, we conclude that there are "arguable" appellate issues in this case.  *See Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27. For instance, counsel has briefed an issue pertaining to the use of a firearm.  We stress that we have not determined that this argument has merit or that it is the only issue that could be raised on appeal.

We conclude that appellate counsel has met his professional obligations under *Anders* and GRANT his motion to withdraw in this appeal that this Court carried with the case on February 3, 2015.  We ABATE the appeal and REMAND the case to the trial court for appointment of a new appellate attorney.  *See Schulman*, 252 S.W.3d at 409.

The trial court shall make the appointment and ensure that a supplemental record of the proceedings is filed in this Court no later than twenty days from the date of this order.  The appeal will be reinstated upon receipt of the supplemental record.  Appellant's brief on the merits will be due thirty days after the supplemental record is filed.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of July, 2015.

3