# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 14-10992
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ESPERANZA JAIMES-BENITEZ, also known as Esperanza Jaimes,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-61-1

————

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Esperanza Jaimes-Benitez pleaded guilty to illegal reentry after having been previously deported. At the time of this most recent arrest, she was still on supervised release from a prior offense. The district court sentenced her to 70 months in prison for the illegal reentry, and 8 months in prison for the supervised release violation to run consecutively, for a total of 78 months.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-10992

Jaimes-Benitez appeals, arguing that the district court erred in ordering that the sentences be served consecutively.

Jaimes-Benitez's assertions of error are conclusory at best—she does not provide any argument or citation to legal authority in support of her contentions. *See* Fed. R. App. P. 28(a)(8) (requiring that appellate briefs include, among other things, an argument containing the appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which [she] relies"). An appellant must properly brief an issue to preserve it, including relevant facts and a theory on which this court should decide the case. "It is not enough to merely mention or allude to a legal theory." *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010). Mere recitations of law along with an "abrupt assertion" of error do not present an issue for appeal. *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Therefore, Jaimes-Benitez has abandoned any challenge to her supervised release violation sentence. *See Scroggins*, 599 F.3d at 446.

Even if Jaimes-Benitez's brief was adequate, however, she does not establish any error. The district court had the discretion to sentence Jaimes-Benitez to consecutive terms in prison for her illegal reentry and supervised release violations. *See* 18 U.S.C. § 3584(a); *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). In fact, the Sentencing Commission recommends consecutive sentences in this scenario. U.S. Sentencing Guidelines Manual Ch. 7, Pt. B, intro. comment. (2015) ("It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation."). Because Jaimes-Benitez's sentence both fell within the advisory range and was consistent with the Guidelines' advice regarding consecutive sentences, it is entitled to a presumption of reasonableness. Nothing in the

No. 14-10992

record suggests that Jaimes-Benitez can rebut this presumption. *See United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).  To the extent that Jaimes-Benitez suggests that she received an illegal sentence in excess of the statutory maximum sentence, she is mistaken.  She was subject to a statutory maximum twenty-four month prison term for her supervised release violation. *See* 18 U.S.C. § 3583(e)(3).

The district court's judgment is AFFIRMED.  The Government's motion for summary affirmance, or to dismiss, or for an extension of time to file a brief is DENIED as moot.  Jaimes-Benitez's pro se motion for appointment of counsel is DENIED as untimely.  *Cf. United States v. Wagner,* 158 F.3d 901, 902-03 (5th Cir. 1998) (denying defendant the opportunity to proceed pro se on appeal after defendant's counsel had filed a brief under *Anders v. California*, 386 U.S. 738 (1967)).