

NUMBER 13-14-00335-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BENNY TORRES MEDRANO,                                           Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

### On appeal from the 92nd District Court
### of Hidalgo County, Texas

# ORDER OF ABATEMENT

### Before Chief Justice Valdez and Justices Rodriguez and Garza

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738 (1967), by

presenting a professional evaluation of the record demonstrating why counsel concluded there are no arguable grounds for relief.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and issues appellant points out in his pro se brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

After our independent review of the record, we conclude that there is at least one arguable issue regarding whether the jury charge submitted at appellant's trial allowed the jury to convict on less than a unanimous verdict. *See Cosio v. State*, 353 S.W.3d 766, 776–78 (Tex. Crim. App. 2011); *Ngo v. State*, 175 S.W.3d 738, 749 (Tex. Crim. App. 2005); *Francis v. State*, 36 S.W.3d 121, 124–25 (Tex. Crim. App. 2000). We stress that this is not the only arguable issue that could be raised on appeal and, further, that we have not determined whether the issue has merit.

We conclude that appellate counsel has met his professional obligations under *Anders* and GRANT his motion to withdraw. We ABATE the appeal and REMAND the case to the trial court to appoint a new appellate attorney. *See Schulman*, 252 S.W.3d at 409. The trial court shall make the appointment and ensure that a supplemental record of the proceedings is filed in this Court no later than twenty days from the date of this order. The appeal will be reinstated upon receipt of the supplemental record. Appellant's brief on the merits will be due thirty days after the supplemental record is filed.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of May, 2016.