**COURT OF APPEALS**
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
**NO. 02-15-00440-CR**


THOMAS PATRICK EMPEY                                                      APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
TRIAL COURT NO. CR12988

----------

**MEMORANDUM OPINION**[1]

----------

Appellant Thomas Patrick Empey appeals from his convictions for one count of hindering apprehension and one count of unlawful possession of a firearm and from his concurrent, ten-year sentences.  We affirm.

Empey was indicted with one count of hindering the apprehension of his daughter Deona Janelle Empey, whom he knew was "under arrest for, charged

----

[1]*See* Tex. R. App. P. 47.4.

with, or convicted of a felony, to wit: Possession of a Controlled Substance," and one count of unlawful possession of a firearm by a felon, which arose out of the same criminal episode. *See* Tex. Penal Code Ann. §§ 38.05(a), (d), 46.04(a), (e) (West 2011). The indictment also contained an enhancement paragraph, applicable to enhance the punishment range for the hindering charge, alleging that Empey previously had been convicted of a felony. *See id.* § 12.42(a) (West Supp. 2016).

Empey filed a pretrial motion to suppress evidence seized as a result of his arrest, including his statements to police officers, because the home address listed in the search warrant for Empey's home contained an incorrect house number—15533 was listed instead of 15535. After holding a hearing, the trial court denied the motion.[2] Empey then pleaded not guilty to the offenses alleged in the indictment and true to the enhancement paragraph. A jury found Empey guilty of both counts, found the enhancement paragraph true, and assessed his punishment at ten years' confinement for each third-degree felony.[3] The trial

---

[2]The testimony at the hearing on the motion to suppress revealed that Empey's address was alternately listed as 15533 and as 15535 and that other descriptors of Empey's home in the warrant accurately identified his residence; thus, the warrant was sufficiently particular. *See Bonds v. State*, 403 S.W.3d 867, 875–76 (Tex. Crim. App. 2013).

[3]Based on the enhancement paragraph to which Empey pleaded true, the available punishment range for the third-degree hindering offense was enhanced from a term of imprisonment of between two and ten years to that of a second-degree felony—"imprisonment . . . for any term of not more than 20 years or less than 2 years." Tex. Penal Code Ann. § 12.33(a) (West 2011); *see also id.* § 12.34(a) (West 2011).

court ordered the sentences to run concurrently. *See id.* § 3.03(a) (West Supp. 2016).

Empey filed a motion for new trial, arguing that the evidence was insufficient to support his conviction and that the punishment was excessive "based on the background of the Defendant and the evidence in this case." *See* Tex. R. App. P. 21.3(h). The motion was deemed denied. *See* Tex. R. App. P. 21.8(c). Empey timely filed a notice of appeal from the trial court's judgments. *See* Tex. R. App. P. 26.2(a). Empey's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that, in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See id.*; *see also In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). We gave Empey an opportunity to file a pro se response to counsel's brief, and he did so. The State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).

In this evaluation, we consider the record and the arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *Schulman*, 252 S.W.3d at 409. We have done so and independently conclude that there is nothing in the record that might arguably support the appeal and that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we **GRANT** counsel's motion to withdraw and affirm the trial court's judgments. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2016

4