

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00004-CR

RICKY DON HAYWORTH                                          APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
### TRIAL COURT NO. CR12533

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ricky Don Hayworth appeals from the adjudication of his guilt and resulting eighteen-year sentence for the offense of assault causing bodily injury to a family member—enhanced to a second-degree felony—which previously had been deferred. *See* Tex. Penal Code Ann. §§ 22.01(a)(1), (b-1) (West Supp. 2016). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

On March 25, 2014, pursuant to a plea-bargain agreement, Hayworth pleaded guilty to assault causing bodily injury to a family member, enhanced to a second-degree felony. *See id.* The trial court placed him on eight years' deferred-adjudication community supervision and assessed a $1,500 fine. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 2016). Two of the conditions of Hayworth's community supervision were that he not commit any criminal offense and that he abstain from the use of alcohol. On August 14, 2014, the trial court entered an order amending the conditions of community supervision it had imposed upon Hayworth, adding the conditions that he serve four days in the county jail, submit to weekly urinalysis testing, and attend weekly Alcoholics Anonymous meetings.

A little more than fifteen months later, on November 23, 2015, the State filed a motion to proceed with an adjudication of Hayworth's guilt, alleging that he had violated the terms of his probation by (1) operating a motor vehicle while intoxicated, (2) using a vehicle to flee from a peace officer who was attempting to lawfully arrest or detain him, (3) using force to prevent or obstruct the peace officer from arresting him or searching his person, and (4) consuming alcohol. Hayworth pleaded true to all of the allegations in the motion. The trial court held a hearing on the motion, at which the State revealed that it was abandoning its allegation that Hayworth operated a vehicle while intoxicated. Nevertheless, Hayworth told the trial court that he was pleading true to the remaining allegations in the motion. The trial court adjudicated Hayworth guilty of assault

2

causing bodily injury to a family member, enhanced to a second-degree felony, and it imposed a sentence of eighteen years' confinement. *See id.* art. 42.12, § 5(b); *see also* Tex. Penal Code Ann. § 12.33 (West 2011) (setting punishment range for second-degree felony at not more than twenty but not less than two years). Hayworth timely filed a notice of appeal from the trial court's judgment.

Hayworth's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states "no arguable issues of reversible error exist in this case." Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Hayworth filed a pro-se response to the *Anders* brief. The State opted not to respond to counsel's motion or Hayworth's pro-se response.

Once an appellant's court-appointed attorney files a motion to withdraw on the grounds that an appeal is frivolous and fulfills the requirements of *Anders*, we have an obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues the appellant points out in his pro-se response. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding).

We have carefully reviewed the record, counsel's brief, and Hayworth's pro-se response. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we **GRANT** counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 29, 2016