# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40474
Cons. w/ No. 15-41076
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALVAREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-96-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Jesus Alvarez has moved in these consolidated appeals for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Alvarez has filed a response.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40474
Cons. w/ No. 15-41076

Included in Alvarez's response is a claim that trial counsel and appellate counsel were ineffective for failing to argue that the district court did not have jurisdiction over his criminal proceedings because Congress does not have the power under the Constitution to create federal crimes. We generally do not review claims of ineffective assistance of counsel on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). However, this is one of those "rare cases in which the record" permits us to "fairly evaluate the merits of the claim." *Id.* (internal quotation marks and citations omitted). Alvarez was convicted pursuant to the Controlled Substances Act (CSA), 21 U.S.C. §§ 846 and 841. The CSA was enacted pursuant to Congress's authority under the Commerce Clause. *See Gonzales v. Raich*, 545 U.S. 1, 12-22 (2005). Accordingly, Alvarez has not shown a nonfrivolous issue regarding whether his trial counsel or his appellate counsel was ineffective for failing to challenge the district court's jurisdiction over his criminal proceedings. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Alvarez's response. We concur with counsel's assessment that the appeals present no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEALS ARE DISMISSED. *See* 5TH CIR. R. 42.2. Alvarez's motion for transcripts and the appointment of new counsel is DENIED. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998); *see also United States v. Ramos*, 390 F. App'x 425, 426 (5th Cir. 2010).