# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11420
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

RAYMUNDO GONZALEZ GARIBAY,

Defendant−Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-49-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Raymundo Gonzalez Garibay appeals his 78-month, top-of-the-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines sentence for illegal reentry in violation of 8 U.S.C. § 1326. He contends that the sentence violates his due-process rights, asserting that it could not exceed the two-year maximum under § 1326(a) because the indictment did not allege that he had a conviction that would trigger a sentencing enhancement under that subsection. He further avers that the sentence is substantively unreasonable because the court failed to account for his cultural assimilation. Gonzalez Garibay has also filed a *pro se* motion requesting that appointed counsel be relieved of duties for abandonment and conflict of interest.

Gonzalez Garibay did not raise a due-process challenge in the district court, so review is for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). In any event, he concedes that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), forecloses his due-process argument, but he wishes to preserve the issue for possible Supreme Court review.

We review the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). Gonzalez Garibay asserts that the district court improperly balanced the sentencing factors because it did not give appropriate weight to the mitigating factor of his cultural assimilation. Although cultural assimilation is a permissible basis for granting a downward departure, courts are not required to grant such departures and still have discretion when determining the sentence. *See United States v. Castillo*, 386 F.3d 632, 637−38 (5th Cir. 2004) (finding that district court did not plainly err by granting a downward departure based on cultural assimilation); U.S.S.G. § 2L1.2, comment. (n.7) (noting that a "downward departure *may* be appropriate on the basis of cultural assimilation") (emphasis added). Moreover, a departure is not warranted where it

2

No. 16-11420

is "likely to increase the risk to the public from further crimes of the defendant." § 2L1.2, comment. (n.7).  The record reveals that Gonzalez Garibay had a serious criminal history, including some violent crimes.  There is no requirement that all sentencing factors must be given equal weight; accordingly, the district court could properly give Gonzalez Garibay's criminal history more weight than his cultural assimilation.  *See United States v. Hernandez*, 633 F.3d 370, 375−76 (5th Cir. 2011).  Furthermore, the record reveals that, in addition to considering the appropriate 18 U.S.C. § 3553(a) factors, the court considered, but explicitly rejected, Gonzalez Garibay's theory that his cultural assimilation warranted a reduced sentence.

Gonzalez Garibay has not rebutted the presumption of reasonableness that attaches to his properly calculated within-guidelines sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Accordingly, he cannot demonstrate that the court abused its discretion.  *See Delgado-Martinez*, 564 F.3d at 753.

Gonzalez Garibay is represented by appointed counsel and is not entitled to "hybrid representation"; therefore he cannot file a *pro se* motion.  *United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999) (internal quotation marks and citations omitted).  To the extent that Gonzalez Garibay is requesting to proceed *pro se*, his request is untimely because it was filed after counsel's appellate brief was filed.  *Cf. United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998) (stating that once counsel's withdrawal brief is filed, a motion to proceed *pro se* is untimely and should be denied).

The judgment is AFFIRMED; Gonzalez Garibay's *pro se* motion to relieve counsel of duties is DENIED.