# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN LOVATO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CR-41-3

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Jonathan Lovato has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). The brief indicates that the only potential nonfrivolous issues for appeal are barred by the appeal waiver contained within the plea agreement to which Lovato voluntarily agreed. The brief does raise one potentially nonfrivolous

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim for ineffective assistance of counsel related to the failure to object to a possible error in the Guidelines calculation, but notes that claims for ineffective assistance should generally be raised on collateral review rather than direct appeal.

Lovato has filed a response to the brief and requests the opportunity to file a brief on the merits pro se. He contends that his plea agreement was not voluntary in light of alleged ineffective assistance of counsel at the plea stage; that the district court made several errors in calculating his Guidelines sentence; that his trial counsel rendered ineffective assistance in failing to object to errors in the Guidelines calculation; and that his sentence is substantively unreasonable.

We have reviewed counsel's brief, the relevant portions of the record, and Lovato's response, and we concur with counsel's assessment. The record is not sufficiently developed to allow us to make a fair evaluation of Lovato's claims of ineffective assistance of counsel. Accordingly, we decline to consider his ineffective-assistance claims without prejudice to his right to pursue relief on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014) (noting that the record is rarely sufficient to permit review of ineffective-assistance claims on direct appeal and declining to consider claims without prejudice to collateral review). Furthermore, any other potentially nonfrivolous challenges are barred by the plea agreement.[1]

Finally, Lovato's request to proceed pro se is untimely because it was filed after counsel filed the *Anders* brief. *See United States v. Wagner*, 158 F.3d

---

[1] As explained in counsel's *Anders* brief and evidenced by the record, Lovato's guilty plea appears to have satisfied the requirements of Fed. R. Crim. P. 11. While Lovato now challenges the voluntariness of his plea on the ground that it was the result of ineffective assistance of counsel, the record is insufficient to permit us to evaluate that claim. As stated above, any such challenge should be brought on collateral review.

No. 17-10288

901, 902-03 (5th Cir. 1998) (holding that a request to proceed pro se is not timely when made after appointed counsel has filed an *Anders* brief).

Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, Lovato's motion to proceed pro se is DENIED, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.