# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
June 28, 2018
Lyle W. Cayce
Clerk

No. 17-50663
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HUMBERTO DIAZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:96-CR-82-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Humberto Diaz has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Diaz has filed a response and an incorporated motion for leave to proceed pro se on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50663

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Diaz's response and incorporated motion. Diaz's motion to proceed pro se is untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998). We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. In particular, there is no nonfrivolous issue for appeal regarding Diaz's complaints of ineffective assistance of counsel; any complaints about sentencing and direct appeal counsel are not cognizable under 18 U.S.C. § 3582(c)(2), *see Dillon v. United States*, 560 U.S. 817, 831 (2010), and Diaz has no constitutional right to appointed counsel in a § 3582(c)(2) proceeding, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

Accordingly, the motion for leave to proceed pro se is DENIED, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.

2