# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20853

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIA ANN POFF,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-669-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written agreement with the Government, Julia Ann Poff pleaded guilty to transporting an explosive with the intent that the explosive be used to kill, injure, and intimidate, in violation of 18 U.S.C. § 844(d), based on her mailing an improvised explosive device to President Barack Obama. The plea agreement waived Poff's right to appeal or collaterally attack her conviction or sentence, reserving only the right to bring claims of ineffective assistance of counsel. She timely appealed from her judgment of conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20853

In response to counsel's motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), Poff moves to proceed pro se and file a brief. We DENY the motion as untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998). However, we GRANT her 30 days to file a response to counsel's *Anders* motion in addition to any remaining extension provided incarcerated prisoners under this court's General Order 4 COVID-19, which was adopted on May 5, 2020, and remains in effect. She may raise any issues that she wishes to raise in that response. We DEFER ruling on the motion to withdraw until we receive Poff's response or the time for filing a response expires.

The district court denied Poff's pro se motion for release pending bail, and she appeals as well as moving this court for release. *See* FED. R. APP. P. 9(b). The Bail Reform Act, 18 U.S.C. § 3143(b), establishes a presumption against release pending appeal for a convicted and sentenced defendant. To overcome that presumption, Poff must show, among other things, that her appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a noncustodial sentence, or a reduced sentence of imprisonment less than the total time already served plus the anticipated duration of the appeal process. § 3143(b)(1)(B). Poff's arguments fail to overcome the presumption. Thus, her motion for release pending appeal is DENIED, and the district court's order denying release is AFFIRMED.

We decline to consider Poff's arguments that she should be released to home confinement under 18 U.S.C. § 3582(c)(1)(A)(i), or Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act, *see* Pub. L. 116-136, §12003(b)(2), 134 Stat. 281 (2020), because they were not presented to the district court and she has not shown extraordinary circumstances warranting this court's review in the first instance, *see Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999).