

# NUMBER 13-20-00501-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**STEVEN WAYNE LANDRUM,**                        **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                **Appellee.**

---

### On appeal from the 36th District Court
### of Aransas County, Texas.

---

# ORDER OF ABATEMENT

### Before Justices Longoria, Hinojosa, and Tijerina
### Order Per Curiam

This cause is before the Court on appellate counsel's *Anders*[1] brief and motion to withdraw as counsel stating that review of the record has yielded no grounds of error upon which an appeal can be predicated. Counsel's brief and motion meet the requirements of

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967).

*Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why counsel concluded there are no arguable grounds for relief.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). In this evaluation, we consider the record, the arguments raised in the *Anders* brief, and issues appellant points out in his pro se brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir.1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

After our independent review of the record, we conclude that there are arguable appellate issues in this case. *Anders*, 386 U.S. at 744; *Bledsoe*, 178 S.W.3d at 826–27. For instance, the trial court conducted the motion to revoke hearing and appellant appeared at the hearing via videoconference, and there is nothing in the record indicating that the conditions of article 27.18 of the code of criminal procedure were met. *See* Tex. Code Crim. Proc. Ann. art. 27.18 (providing that certain conditions must occur for the trial court to accept a defendant's waiver to appear in open court); *Lira v. State*, No. 11-

2

20-00148-CR, __ S.W.3d __, __, 2021 WL 924893, at * 2 (Tex. App.—Eastland March 11, 2021, no pet.) *designated for publication by Lira v. State*, 622 S.W.3d 921, 922 (Tex. Crim. App. 2021). We stress that this is not an exhaustive list of arguable issues that could be raised on appeal, and we note further that we have not determined that there is merit in this argument.

We conclude that appellate counsel has met the professional obligations under *Anders* and grant the motion to withdraw, previously carried with the case. We abate the appeal and remand the case to the trial court to appoint a new appellate attorney. *See Schulman*, 252 S.W.3d at 409. The trial court shall make the appointment and ensure that a supplemental record of the proceedings is filed in this Court no later than twenty (20) days from the date of this order. The appeal will be reinstated upon receipt of the supplemental record. Appellant's brief on the merits will be due thirty (30) days after the supplemental record is filed.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).


Delivered and filed on the
15th day of July, 2021.

3