# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2022

Lyle W. Cayce
Clerk

No. 21-50127
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESSE DEAN MINCE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-230-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.
PER CURIAM:*

Jesse Dean Mince was convicted by a jury of possession of a firearm by a felon and sentenced at the top of the advisory guidelines range to 51 months of imprisonment and three years of supervised release. He argues that 18 U.S.C. § 922(g)(1), the statute of conviction, exceeds the scope of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50127

Congress's power under the Commerce Clause and is thus unconstitutional. He concedes that his claim is foreclosed by circuit precedent, and he raises the issue to preserve it for further review. The Government has filed an unopposed motion for summary affirmance and an alternative request for an extension of time to file its brief.

Summary affirmance is proper if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Mince's challenge to the constitutionality of § 922(g)(1) is foreclosed. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Rawls*, 85 F.3d 240, 242 (5th Cir. 1996).

Thus, the Government's unopposed motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time to file an appellate brief is DENIED. The district court's judgment is AFFIRMED. Mince's motion to dismiss his counsel and to proceed pro se is DENIED as untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).