# United States Court of Appeals
# for the Fifth Circuit

---

**No. 22-10005**
Summary Calendar

---

United States of America,

>*Plaintiff—Appellee*,

*versus*

Michael Vanous,

>*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CR-61-1

---

Before Jolly, Jones, and Ho, *Circuit Judges.*

Per Curiam:[*]

The Federal Public Defender appointed to represent Michael Vanous has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Counsel attempted to mail a copy of his *Anders* brief to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10005

Vanous as well, but it's not clear from the record if counsel mailed it to the correct address. Counsel sent the brief to Vanous's address of record, a facility in Texas. But at some unknown point, Vanous was transferred to an institution in Oklahoma. Upon learning of the change in address, the Clerk's Office wrote Vanous and notified him that his attorney had filed an *Anders* motion and that he could respond to it. Vanous filed a response (1) alleging that he received ineffective assistance of counsel at the district court, (2) stating that he never received his attorney's *Anders* brief, and (3) requesting to proceed *pro se* and that counsel produce evidence and documents.

We have reviewed counsel's brief and the relevant portions of the record. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Since Vanous may not have received counsel's brief, we look to his response as well to determine if there are nonfrivolous issues.

Vanous's response does not change our conclusion. The only issues he raises are ineffective assistance of counsel claims, which are generally inappropriate on direct appeal unless the record is sufficiently developed regarding counsel's conduct and motivations. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Here, the record is not so developed. Thus, we decline to consider his ineffective assistance claims without prejudice to his right to pursue relief on collateral review. Furthermore, we deny his request to proceed *pro se* as untimely. *See United States v. Wagner*, 158 F.3d 901, 902–03 (5th Cir. 1998).

Accordingly, counsel's motion for leave to withdraw is GRANTED and counsel is excused from further responsibilities herein. Vanous's requests for documents and to proceed *pro se* are DENIED and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.