# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10113
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR IDOWU,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-436-2

_____

Before KING, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

The attorney appointed to represent Victor Idowu has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Idowu has filed a response. The record is not sufficiently developed to allow us to make a fair evaluation of Idowu's claim of ineffective assistance of

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

counsel; we therefore decline to consider the claim without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Idowu also seeks the appointment of substitute counsel, but his motion is DENIED as untimely. *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Idowu's response. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.

However, the record reflects clerical errors in the written judgment. First, although the written judgment was amended to correct the restitution award, including to reduce the restitution amount to $508,840, Idowu's amended judgment still contains two references to the original erroneous restitution amount of $1,167,228. Second, Idowu was indicted on a single count of conspiracy to commit mail and wire fraud, but the record reflects that he pleaded guilty to conspiracy to commit wire fraud. Therefore, the judgment should be amended to reflect that offense of conviction. Accordingly, we REMAND for the limited purpose of correction of these clerical errors in the amended written judgment in accordance with Federal Rule of Criminal Procedure 36.