# United States Court of Appeals for the Fifth Circuit

———————

No. 23-11033
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alexandro Mauricio Campos,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-215-1

_____

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

The attorney appointed to represent Defendant-Appellant Alexandro Mauricio Campos has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Campos has filed a response and an incorporated motion to appoint substitute counsel, which is DENIED. *See*

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11033

*United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).  To the extent that Campos seeks to raise claims of ineffective assistance of trial counsel, we pretermit those claims without prejudice to collateral review because the record is not sufficiently developed to allow us to make a fair evaluation of them. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

We have reviewed counsel's brief and the relevant portions of the record reflected therein, as well as Campos's response.  We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review but note a clerical error in the judgment.  Although the record reflects that Campos pleaded guilty to counts one and three of the superseding indictment, the judgment states that he pleaded guilty to counts one and two.

Counsel's motion for leave to withdraw is therefore GRANTED, counsel is excused from further responsibilities herein, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.  The case is REMANDED to the district court for the limited purpose of correcting the error in the judgment. *See* FED. R. CRIM. P. 36.